UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STANLEY ALLEN, M.D., | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| UNIVERSITY OF TEXAS MEDICAL | § | |
| BRANCH AT GALVESTON, | § | |
| *Defendant*. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, University of Texas Medical Branch at Galveston, files this notice of removal under 28 U.S.C. §§ 1441(a),(b); 1446; and 1367.

## BACKGROUND

1. Plaintiff is Stanley Allen, M.D. Defendant is University of Texas Medical Branch at Galveston ("UTMB").

2. On July 25, 2011, Plaintiff filed suit against Defendant for alleged violations of the Americans with Disabilities Act (42 U.S.C. § 12101, et seq.), the Rehabilitation Act, (29 U.S.C. § 794, et seq.) and the Texas Commission on Human Rights Act (Tex. Labor Code § 21.001, et seq.) in the 122nd Judicial District Court of Galveston County, Texas.

3. Defendant was served with Plaintiff's Original Petition on January 12, 2012, making the notice of removal due thirty days later or on February 11, 2012. However, because February 11, 2012 fell on a Saturday, removal is due no later than the next business day, which is Monday February 13, 2012. Fed. R. Civ. Proc. 6(a)(1)(C). Defendant is filing this notice of removal electronically on February 13, 2012. Thus, it is timely filed. 28 U.S.C. §1446(b).

## BASIS FOR REMOVAL

4. Removal is proper because Plaintiff's suit involves a federal question arising from federal law. 28 U.S.C. §§ 1331, 1441(a), (b), 1443. Specifically Plaintiff's claims arise under the Americans with Disabilities Act and the Rehabilitation Act, both of which are federal statutes over which this Court has original jurisdiction. *Id.* In addition, removal of the state law claim brought under the Texas Commission on Human Rights Act is proper under the supplemental-jurisdiction statute. *See* 28 U.S.C. §§ 1367, 1441 (c).

5. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in the district.

6. Defendant has filed a copy of this notice of removal with the clerk of the state court where the action has been pending.

## ATTACHMENTS

In accordance with Local Rule 81, Defendant attaches the following:

**Attachment 1**: All executed process in the case;

**Attachment 2**: All pleadings asserting causes of action and all answers to such pleadings;

**Attachment 3**: All orders signed by the state judge (none);

**Attachment 4**: The state court docket sheet;

**Attachment 5**: An index of pleadings filed in the state court proceeding; and

**Attachment 6**: A list of all counsel of record.

## JURY DEMAND

Plaintiff has demanded a jury in the state-court suit.

## CONCLUSION

Defendant has satisfied all prerequisites to removal. Accordingly, Defendant asks the Court to remove the suit to the Southern District of Texas, Galveston Division.

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    DANIEL T. HODGE
    First Assistant Attorney General

    DAVID C. MATTAX
    Deputy Attorney General for Defense Litigation

    ROBERT B. O'KEEFE
    Chief, General Litigation Division


    /s/ Ana Marie Jordan
    **ANA MARIE JORDAN**
    Texas Bar No. 00790748
    Southern District No. 24125
    Assistant Attorney General
    Office of the Attorney General
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    Phone: 512-463-2120
    Fax: 512-320-0667

    ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant's Notice of Removal* has been served via Certified Mail Return Receipt Requested, on this the 13th day of February, 2012, on:

Anthony P. Griffin
1115 Moody
Galveston, Texas 77550
409-763-0386
409-763-4102 FAX

/s/ Ana Marie Jordan
**ANA MARIE JORDAN**
Assistant Attorney General