UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STANLEY ALLEN, M.D., § | |
| *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. _____ |
| § | |
| UNIVERSITY OF TEXAS MEDICAL § | |
| BRANCH AT GALVESTON, § | |
| *Defendant*. § | |

*ATTACHMENT 2: All Pleadings Asserting Causes of Action and all Answers to such Pleadings*

NO. 11-cv-1208

| | |
|---|---|
| STANLEY ALLEN, M.D., | IN THE 122ND |
| V. | JUDICIAL DISTRICT COURT |
| UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON | GALVESTON COUNTY, TEXAS |

PLAINTIFF'S', STANLEY ALLEN'S, ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, STANLEY ALLEN, M.D., files this his original petition against University of Texas Medical Branch surrounding discrimination in the employment setting. Plaintiff would show unto the Court as follows, to-wit:

I.

Discovery Plan

Under Rule 190.3, Texas Rules of Civil Procedure, this matter should be considered a Level 2 case. The Court should establish an appropriate docket control order.

II.

Parties, Jurisdiction and Venue

Plaintiff at all times material to this action is and remains a resident of Galveston County, Texas.

University of Texas Medical Branch at Galveston is a state entity and has answered and appeared in this matter.

All actions asserted herein occurred in Galveston County, Texas.

Plaintiffs have exhausted their administrative remedies. Plaintiffs filed complaints with the Equal Employment Opportunity Commission and filed jointly with the Texas Commission on Human Rights. The requisite jurisdictional requirements have taken place, consistent with the Texas Labor Code, Sections 21.252 and 21.254.

### III.

### Factual Complaint

Plaintiff's initial employment with the University of Texas Medical Branch at Galveston (UTMB) was during his Residency Program (July 1, 1978 - June 30, 1983). In 1980, Plaintiff developed neurologic symptoms which were thought to be due to congenital spinal stenosis for which he underwent two cervical laminectomies during his Orthopaedic Residency. Plaintiff was diagnosed with Multiple Sclerosis in 1983. From July 1983 to September 1995, Plaintiff practiced solo private Orthopaedic practice in Snyder, Texas, Lubbock, Texas and Bardstown, Kentucky. In 1995, Plaintiff returned to UTMB as an Assistant Professor in the Department of Orthopaedics and Rehabilitation as an Orthopaedic Surgeon working full time.

Plaintiff is an Orthopaedic Surgeon currently serving as an Assistant Professor in the Department of Orthopaedics and Rehabilitation at UTMB, Galveston. Up until August 6, 2009, Plaintiff's focus has been with a clinical emphasis on Corrections Managed Care (CMC) and surgical training for Orthopaedic Residents.

On or about August 6, 2009, Plaintiff was informed by Garland Anderson, Dean of Medicine, that he could no longer conduct surgeries and removed Plaintiff's Surgical privileges after fourteen years, (14) years; no reason was given.[1] Plaintiff's base salary has not been cut, but without doing surgery, Plaintiff cannot earn incentive payments which are based on production (performing surgery). This has amounted to a yearly decrease in salary of $60,000-$80,000. Plaintiff has also been told that base salary will decrease as well. At the time of the decision, Plaintiff has not had any complaints from patients, nor has Plaintiff been offered any accommodations (table to roll up for surgery; same tables exist at UTMB for spinals). In addition, Plaintiff's condition remained fairly constant

---

[1] In the reappointment process, Plaintiff was informed by the Department Chair, through the Dean of Medicine, Anderson, not to request surgical privileges. Plaintiff documented this instruction in the application process. On November 12, 2009, Dr. Perry L. Fulcher, M.D., Chief of Staff, UTMB Hospitals wrote to Allen that "[t]he privilege revisions you requested in the Department of Ortho and Rehab have been approved." Fulcher failed to mention the Institution's requested suspension.

3

and his ability to perform his assigned job functions had not diminished. The University made it clear that the decision to remove Plaintiff was based on their belief that Plaintiff could not physically perform surgeries.[2] Plaintiff recognizes that the day will come that he will not be able to perform his assigned job functions, but that day has not yet arrived and to invoke such an action without such diminishment and/or harm analysis is in violation of Plaintiff's rights under the Americans with Disabilities Act and under the Rehabilitation Act.

On September 9, 2009, under the encouragement of UTMB President, Dr. David Callender, Plaintiff directed a letter to Donna K. Sollenberger, Executive Vice President and Chief Executive Officer for UTMB Health System. The letter was designed to make inquiry of the University with respect to an administrative position with the University. Plaintiff brought to the University's attention his obtaining an MBA in Health Care Management from UT Dallas in 2007. After Plaintiff met with UTMB administration and was told that surgical privileges would not be reinstated,

---

[2] At the time of the removal, Plaintiff's Charges/Collections were greater than the year before and comparable to his 2007 collection and charges (in light of the effect of Hurricane Ike on the institution). It is Plaintiff's understanding his Charges/Collections were comparable and/or greater than his comparables (see attachment 1 - Plaintiff's Charges/Collections from 2007 - 2009; see also 2007 data reflecting billing statement for Plaintiff and comparables (attachment 2 herein)).

4

he met with Donna K. Sollenberger on October 19, 2009, to discuss an administrative position. It was recommended in this meeting that Plaintiff make a proposal for any such position in the system. On November 9, 2009, Plaintiff submitted a proposal to Dr. Callender, President of the UTMB in which he suggested making him the Chief Healthcare Officer for the TDCJ Hospital, Galveston.

On March 1, 2010, Plaintiff wrote another letter to Sollenberger expressing a concern that no action had been taken on his request. Sollenberger responded on March 4, 2010, and informed Plaintiff that the only position that was available was as Medical Director of the Orthopedic TDCJ Clinic with a ten (10) percent administrative position. Plaintiff complained to David Callender explaining that he had served as Medical Director of the TDCJ Outpatient Orthopaedic Clinic for the last fourteen (14) years and that the position offered was of little difference, with the exception Plaintiff still suffered from the reduction in his pay and the removal of his surgical privileges.

IV.

**Prayer for Relief**

Plaintiffs pray for the following relief:

5

A.  Declaratory judgment stating that the Defendant has engaged in discriminatory conduct and that Defendant has violated Texas law against Plaintiff because of his disability;

B.  Back wages and benefits;

C.  Compensatory damages incurred in the past, present and future;

D.  Reasonable and necessary attorney's fees incurred in the prosecution of this matter.

E.  Pre-judgment and post-judgment interest;

F.  Costs of court.

Plaintiffs also pray for all relief in equity and under law to which they may be deemed entitled.

DATE:  July 25, 2011.

Respectfully submitted,

/s/ ANTHONY P. GRIFFIN

---

ANTHONY P. GRIFFIN
A GRIFFIN LAWYERS
1115 MOODY
GALVESTON, TEXAS   77550
409.763.0386
1.800.750.5034
FACSIMILE NO. 409.763.4102

STATE BAR NO. 08455300

ATTORNEYS FOR PLAINTIFF
STANLEY ALLEN, M.D.

<u>A JURY TRIAL IS DEMANDED</u>

c:word.allen_stanley.plaintiff_original_complaint

6

CAUSE NO. 11-CV-1208

| | | |
|---|---|---|
| STANLEY ALLEN, M.D., <br> *Plaintiff,* | § § § | IN THE 122ND |
| v. | § § | JUDICIAL DISTRICT COURT |
| UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, <br> *Defendant.* | § § § § | GALVESTON COUNTY, TEXAS |

## DEFENDANT UTMB'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant University of Texas Medical Branch (UTMB) at Galveston ("Defendant") hereby files its Original Answer and Affirmative Defenses.

### SPECIFIC ADMISSIONS AND DENIALS

1. Defendant admits that it employed Plaintiff during the relevant time frame.

2. Defendant admits it is a state entity.

3. Defendant denies answering and appearing in this matter prior to the issuance of service of citation.

4. Defendant admits that venue is proper in Galveston County.

5. Defendant denies that Plaintiff exhausted his state administrative remedies under Chapter 21 of the Texas Labor Code prior to filing suit.

6. Defendant denies that the requisite jurisdictional requirements under Chapter 21 of the Texas Labor Code have taken place.

7. Defendant admits that Plaintiff suffers from Multiple Sclerosis and that Multiple Sclerosis is a "disability" as that term is defined by federal and/or state law.

8. Defendant denies that Plaintiff's surgical privileges were removed without his consent. When Plaintiff submitted his credentialing application and addendum on or about October 22, 2009, Plaintiff did not request those privileges.

9. Defendant denies that removal of Plaintiff's surgical privileges in 2009 violated federal or state law.

10. Defendant admits that it did not create a special administrative position to accommodate Plaintiff's disability, but denies that failing to do so is a violation of federal or state law. *See Chiari v. City of League City*, 920 F. 2d 311, 318 (5th Cir. 1991)(observing that Rehabilitation Act does not require employer to "fundamentally alter its program" or "find or create a new job" for the Plaintiff); *see also Daughtery v. City of El Paso*, 56 F.3d 695, 700 (5th Cir. 1995)(applying reasoning in *Chari* to ADA claim).

11. Defendant admits that it encouraged Plaintiff to apply for an existing administrative position and that Plaintiff refused.

## GENERAL DENIAL

12. Pursuant to Tex. R. Civ. P. 92, Defendant denies generally each and every other allegation in Plaintiff's original petition and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses:

13. Defendant asserts the affirmative defense of sovereign immunity to the fullest extent applicable to any and all claims, including attorney's fees and punitive damages, against it to which that defense may apply.

14. Defendant asserts that Chapter 21 of the Texas Labor Code precludes punitive damages against a governmental entity. *See* TEXAS LABOR CODE § 21.2585(b).

15. Defendant hereby invokes the damages cap set forth in Chapter 21 of the Texas Labor Code. *See* TEXAS LABOR CODE § 21.2585 (d).

16. Defendant asserts that this Court is without jurisdiction to hear this claim because Plaintiff failed to file a timely administrative complaint with the Civil Rights Division (CRD) of the Texas Workforce Commission (TWC) as required by Tex. Labor Code § 21.202 (a). *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996)(the 180-day "time limit [for filing a complaint] is mandatory and jurisdictional").

17. Defendant asserts that Plaintiff has failed to exhaust his administrative remedies under the Texas Labor Code. In addition to failing to file a timely administrative complaint with the Civil Rights Division (CRD) of the Texas Workforce Commission (TWC) as required by Tex. Labor Code § 21.202 (a), Plaintiff failed to request and obtain a right to sue letter from the CRD prior to filing suit pursuant to Tex. Labor Code § 21.252 and was otherwise not entitled to one. Also, Plaintiff failed to file his suit within 60 days of receiving a right to sue letter as required by Tex. Labor Code § 21.254.

18. Defendant asserts the defense of limitations to the fullest extent applicable to any and all claims asserted by Plaintiff.

19. Defendant asserts that Plaintiff has failed to mitigate his damages; if any.

20. Defendant asserts that Plaintiff's claims are barred, in whole or in part, because any alleged adverse employment action suffered by Plaintiff was because of a legitimate, non-discriminatory reason.

21.     Defendant asserts that Plaintiff's alleged losses and damages, if any, are the result of, and directly related to Plaintiff's own conduct, actions, and/or failure to act, and not of Defendant's conduct, actions, or failure to act.

22.     All actions taken by Defendant with respect to Plaintiff were justified, performed in good faith, and without malice.

23.     Subject to further discovery, Defendant asserts the defenses of ratification, waiver, estoppel, and/or latches.

24.     Defendant reserves the right to assert additional affirmative defenses at a later date as such defenses become known to Defendant throughout the course of litigation.

## PRAYER

Defendant prays that Plaintiff's claims be dismissed with prejudice and that he take nothing by way of this action. Defendant further prays that all costs be taxed and adjudged against Plaintiff and that the Court grants Defendant all other relief, both general and special, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

ANA MARIE JORDAN
Texas Bar No. 00790748
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been sent via facsimile on February 3, 2012, to:

Anthony P. Griffin
A GRIFFIN LAWYERS
1115 Moody
Galveston, Texas 77550
409-763-0386  1-800-750-5034
409-763-4102 FAX

ANA MARIE JORDAN
Assistant Attorney General

CAUSE NO. 11-CV-1208

| | | |
|---|---|---|
| STANLEY ALLEN, M.D., <br> *Plaintiff,* | § § § | IN THE 122ND |
| v. | § § | JUDICIAL DISTRICT COURT |
| UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON, <br> *Defendant.* | § § § § | GALVESTON COUNTY, TEXAS |

### DEFENDANT'S NOTICE OF FILING OF NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to 28 U.S.C. § 1446(d), you are hereby given notice that on February 13, 2012, Defendant University of Texas Medical Branch of Galveston filed a Notice of Removal in the United States District Court for the Southern District of Texas, Galveston Division, thereby removing this cause to the United States District Court. A copy of that Notice is attached hereto and incorporated herein for all purposes. This Court is respectfully requested to proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for
Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

1

*[signature]*
ANA MARIE JORDAN
Texas Bar No. 00790748
Southern District No. 24125
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Phone: 512-463-2120
Fax: 512-320-0667

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendants' Notice of Filing of Notice of Removal* has been served via Certified Mail Return Receipt Requested, on this the 13th day of February, 2012, on:

Anthony P. Griffin
A GRIFFIN LAWYERS
1115 Moody
Galveston, Texas 77550
409-763-0386  1-800-750-5034
409-763-4102 FAX

*[signature]*
ANA MARIE JORDAN
Assistant Attorney General

2